IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BERNARD MATHIS, #72950**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:20-cv-00407-KHJ-LGI**

**RONALD WAYNE KING, et al.**                                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation on the *Motion to Dismiss* [25] filed by Defendants Ron King, Denise Bone, Joann Shivers, and James Miller on May 28, 2021. Plaintiff Bernard Mathis, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983. Several months have passed, and Plaintiff has not filed a response to Defendant's Motion to Dismiss [25]. Having considered the submissions, the record, and relevant law, the undersigned recommends that the Motion to Dismiss [25] be GRANTED. Plaintiff's claims fail to state a claim upon which relief may be granted and Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

**I.      Relevant Procedural History**

Plaintiff Bernard Mathis was convicted as a habitual offender of burglary of a dwelling pursuant to a guilty plea on June 1, 2015, and sentenced to a term of fifteen years, with eight years to be served in a Mississippi Department of Corrections institution and seven years suspended sentence conditioned on good behavior. Doc. [25-1]. Plaintiff's instant complaint alleges:

> My case was set aside several years ago. The Judge and DA did not follow the order
> and only resentenced the same cause number. Therefore the same errors existed in

the case and I was wrongfully held in custody.

Doc [1]. On two occasions, the Court ordered Plaintiff to "specifically state how each named Defendant violated Plaintiff's constitutional rights." *See* Doc. [6], [10]. On September 28, 2020, Plaintiff submitted an Order filed in Lafayette County Cause No. L14-103 dated June 3, 2015, vacating and setting aside his conviction and sentence in Lafayette County Cause No. LK11-218. Doc. [12-1].

On March 17, 2021, the Court sought further clarification and ordered Plaintiff answer the following questions:

(1) What is the date of the conviction and sentence imposed by the Lafayette County Circuit Court in *State v. Mathis*, cause number L14-103?

(2) Are you currently serving a term of imprisonment for a conviction entered by the Lafayette County Circuit Court in *State v. Mathis*, cause number L14-103?

(3) Have the conviction(s) and sentence(s) imposed in *State v. Mathis*, cause number L14-103, been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254?

Doc. [15]. In response to the Court's first question, Plaintiff claims "Plaintiff Mathis was never convicted by Lafeyette County Circuit Court in *State v. Mathis*, cause number L14-103." Doc. [16]. In response to the Court's second question, Plaintiff stated "It was dismissed. Mathis never served a term of imprisonment for a conviction entered by the Lafayette County Circuit Court *[sic]* in *State v. Mathis*, cause number L14-103." *Id*. Finally, in response to the Court's third question, Plaintiff claims that "*State v. Mathis*, cause number L14-103 was declared invalid by a state tribunal authorized to make such determination. *Id*.

In the instant Motion, Defendants Ron King, Denise Bone, Joann Shivers, and James Miller

argue that Plaintiff misrepresented his criminal record and move to dismiss Plaintiff Bernard Mathis' Complaint [1] pursuant to Federal Rule of Civil Procedure 12(b)(6) and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

**II.    Standard**

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss test the sufficiency of a complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991). To survive a motion to dismiss, plaintiffs are required to demonstrate "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.,* 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court in *Iqbal* established a two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997); *see also Johnson v.*

*Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true.").

### III.   Analysis

#### A.  Failure to State a Claim upon which Relief may be Granted

Plaintiff's claims against Defendants Ron King, Denise Bone, Joann Shivers, and James Miller fail to state a claim on which relief may be granted because Plaintiff misrepresented the record of his criminal conviction and sentencing in his filings to this Court. The record is clear that Plaintiff entered a guilty plea in his criminal action LK11-218 at the hearing on June 1, 2015 to correct a discrepancy in his 2013 plea and sentence. Additionally, cause number L14-103 was a civil action for post-conviction relief in his criminal action, LK11-218.

First, Plaintiff claims his conviction was set aside several years ago. Doc. [1] at 4. In support, Plaintiff submitted an Order to Vacate and Set Aside Conviction and Sentence in Lafayette County cause number LK11-218 dated June 1, 2015. Doc. [7-1]. This Order was entered in connection with Plaintiff's Motion for Post-Conviction Collateral Relief in cause number L14-103, the basis of which was a discrepancy in the allegations presented in the indictment at the July 10, 2013 plea hearing for LK11-218. Doc. [7-1] at 4. On June 1, 2015, by agreement of the parties, the Lafayette County Circuit Court vacated Plaintiff's sentence in LK11-218. At the same hearing, Plaintiff entered a new plea of guilty and was sentenced to serve the same term with credit for time served. Doc [25-1]. Plaintiff was present and represented by counsel at the June 1, 2015 hearing. As a part of this order, a separate criminal charge, LK13-422 was remanded to the file. *Id.*

Second, Plaintiff claims he was resentenced in the same cause number. Doc. [1] at 4. Plaintiff's position that his 2015 plea and sentence—which corrected a discrepancy in his 2013

plea and sentence—are invalid because they are contained within the same cause number is meritless. The hearings for cause numbers LK11-218 and L14-103 both occurred on June 1, 2015 and were both presided over by Judge Andrew K. Howorth. *See* Doc. [7-1] at 3-4, Doc. [25-1]. Mathis was never convicted or served a term of imprisonment under Cause No. L14-103. The Sentencing Order in *State of Mississippi v. Bernard Mathis*, Lafayette County Circuit Court Cause No. LK11-218 reflects that Plaintiff entered a new plea of guilty on June 1, 2015. *See* Doc. [25-1]. Plaintiff's claim that he is being unconstitutionally confined has no basis in fact.

Plaintiff has not filed a response to Defendant's Motion to Dismiss [25], nor has Plaintiff provided information to supplement or contradict the facts Plaintiff alleged in his Complaint. Liberally construing the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss). Thus, the undersigned recommends Plaintiff's Complaint be dismissed for failure to state a claim on which relief may be granted.

### B. Heck v. Humphreys

The moving Defendants argue that *Heck v. Humphrey* bars Plaintiff's § 1983 claims and, therefore, mandates dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a § 1983 damage claim that calls into question the lawfulness of conviction or confinement—or otherwise demonstrates the invalidity of the

conviction or confinement—is not cognizable under § 1983 until such time as the plaintiff is able to prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, Plaintiff's suggests that he was resentenced without a conviction. Plaintiff has not demonstrated that his conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477. To the extent Plaintiff seeks to argue that defects in the criminal trial proceedings render the June 1, 2015 plea and resentencing invalid, Plaintiff is barred by *Heck v. Humphreys*. "*Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013). Thus, the undersigned recommends Plaintiff's claims are barred by *Heck v. Humphrey*.

### IV.  Recommendation

Based on the foregoing reasons, the undersigned recommends that the *Motion to Dismiss* [25] filed by Defendants Ron King, Denise Bone, Joann Shivers be GRANTED. Plaintiff's claims fail to state a claim upon which relief may be granted and Plaintiff's claims are barred by *Heck v. Humphrey*.

### NOTICE OF RIGHT TO OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED, this the 1st day of February, 2022.

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE